# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

December 14, 1998

Cecil W. Crowson
Appellate Court Clerk

ERIC KYLE DURHAM,                 )
                                  )
    Plaintiff/Appellee,           )
                                  )   Appeal No.
                                  )   01-A-01-9803-CV-00129
VS.                               )
                                  )   Marion Circuit
                                  )   No. 11990
MISTY DAWN DURHAM,                )
                                  )
    Defendant/Appellant.          )

APPEALED FROM THE CIRCUIT COURT OF MARION COUNTY
AT JASPER, TENNESSEE

THE HONORABLE BUDDY D. PERRY, JUDGE

HANK HILL
HANK HILL & ASSOCIATES,
 ATTORNEYS, P.C.
701 Cherry Street, Suite 200
Chattanooga, Tennessee 37402
      Attorney for Plaintiff/Appellee

PHILLIP A. NOBLETT
NELSON, McMAHAN & NOBLETT
400 Pioneer Bank Building
Chattanooga, Tennessee 37402
      Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL
PRESIDING JUDGE, M.S.

CONCUR:
CAIN, J.
TODD, J.

# <u>MEMORANDUM OPINION</u>[1]

The only issue raised in this appeal is whether the trial judge's award of custody to the father can stand without "appropriate findings of facts in accordance with Tenn. Code Ann. § 36-6-106." We affirm the lower court's order.

## I.

In a December 12, 1997 decree, the Circuit Court of Marion County granted the appellant, Eric Kyle Durham, a divorce and awarded him the care, custody, and control of his minor child, Brittany Nicole Durham.

The issue raised on appeal by the appellant is:

WHETHER THE TRIAL COURT PROPERLY DETERMINED THE "BEST INTERESTS" OF BRITTANY DURHAM WHEN IT GRANTED CUSTODY TO THE FATHER ERIC DURHAM WITHOUT APPROPRIATE FINDINGS OF FACTS IN ACCORDANCE WITH T.C.A. § 36-6-106?

A reference to Tenn. Code Ann. § 36-6-106 does not reveal a requirement that the court make specific findings of facts in custody cases. The statute does require that a custody determination be made on the basis of what is in the best interests of the child, and in making that determination, the court should consider all relevant factors. The statute then goes on to enumerate ten factors that the court should consider "where applicable."

---

[1]Rule 10(b) of the Rules of the Court of Appeals reads as follows:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Although the appellant does not refer to Rule 52.01, Tenn. R. Civ. Proc., that rule requires the trial judge, in a case tried without a jury, to make findings of facts when a party requests such findings before the entry of judgment. The record, however, does not reveal that such a request was made in this case.

## II.

The appellant does not argue that the evidence preponderates against the trial judge's implicit finding that the best interests of the child will be served by placing her with her father. *See* Rule 13(d), Tenn. R. App. Proc.; *Bah v. Bah*, 668 S.W.2d 663 (Tenn. App. 1983). We have, however, examined the record and are satisfied that the mother's conduct during her separation, her continuing liason with the father of her second child, and her apparent lack of candor in court are factors that bear on how well the child's interests would be served in her custody.

The judgment of the court below is afirmed and the cause is remanded to the Circuit Court of Marion County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM B. CAIN, JUDGE


_____
HENRY F. TODD, JUDGE

- 3 -